UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENNETH MCMASTER,

                          Plaintiff,

   v.                                                   9:15-CV-0578
                                                                      (DNH/CFH)

L.W. LABARGE, Correction Officer, Upstate
Correctional Facility, S.D. LAMARE, Correction
Officer, Upstate Correctional Facility, E. SMITH,
Correction Officer, Upstate Correctional Facility,
K. ELLSWORTH, Correction Officer, Upstate
Correctional Facility, J.G. TATRO, Lieutenant
for Corrections, Upstate Correctional Facility,
M.C. TOMPKINS, Sergeant for Corrections,
Upstate Correctional Facility, and C.S. ROWE,
Sergeant for Corrections, Upstate Correctional
Facility,

                        Defendants.

---

APPEARANCES:                             OF COUNSEL:

KENNETH MCMASTER
08-B-1832
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN            RACHEL M. KISH, ESQ.
New York State Attorney General              Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

Plaintiff Kenneth McMaster ("McMaster" or "plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was incarcerated at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1 ("Compl.").

McMaster also requested leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application"). By Decision and Order filed on July 20, 2015, plaintiff's IFP Application was granted, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, this Court dismissed several claims and defendants from this action, and found that the following claims survived sua sponte review and required a response: (1) the Eighth Amendment excessive force and/or failure-to-intervene claims against defendants LaBarge, Lamare, E. Smith, Ellsworth, Tatro, Tompkins, and Rowe; and (2) the First Amendment retaliation claim against defendant LaBarge. Dkt. No. 5 (the "July 2015 Order").

Presently before the Court is McMaster's letter motion, which the Court has liberally construed as requesting preliminary injunctive relief. Dkt. No. 40.[1] Defendants oppose the motion. Dkt. No. 41.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of

---

[1] In his submission, plaintiff refers to another civil action presently pending in this district, *McMaster v. Saunders,* 9:14-CV-1574 (TJM/ATB). This Court takes no position on any relief plaintiff seeks with respect to *McMaster v. Saunders*. Plaintiff is advised that pursuant to Local Rule 10.1(c)(1) of the Local Rules of Practice for this District, if a party has more than one action pending in this Court, with the exception of notices of change of address, "any and all papers filed in a case must contain and pertain to one civil action number, unless the civil actions have been consolidated by the Court. Any motion or other papers purporting to relate to more than one action . . . may be stricken by the Court." In future submissions, plaintiff should refer to only one civil action number.

its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 511 (2d Cir. 2005).  "In the prison context, a request for injunctive relief must always be viewed with great

3

caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

McMaster alleges that correctional officers Ronald Bilow and Aaron Beane, who are "buddies" of defendant LaBarge, are interfering with his legal and regular mail and denying him access to the law library for making copies. Dkt. No. 40 at 1.  Plaintiff's request for injunctive relief states in its entirety:  "I am requesting that the Court do something immediately about this so I can go on with my legal work."  *Id*.  Plaintiff suggests, "a transfer, give Upstate Corr. Facility a[n] Order or something."   *Id*.

Construed liberally, McMaster claims that staff at Upstate C.F. have interfered with his mail and access to the courts in violation of the First Amendment to the United States Constitution.

Because an alleged violation of a constitutional right may "trigger[ ] a finding of irreparable harm," the Court **will assume for purposes of this motion only** that plaintiff alleges irreparable harm.  *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996).

Despite this assumption, McMaster's submission, which is construed to seek mandatory injunctive relief, is wholly conclusory and fails to demonstrate, with evidence, a "clear and substantial" showing of a likelihood of success or that extreme or very serious damage will result if the motion is denied.

Indeed, McMaster offers no evidence to even meet the lesser standard required for a prohibitory injunction - a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995)

4

("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."); *Moore*, 409 F.3d at 510 (preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); *Groves v. Davis*, No. 9:11-CV-1317 (GTS/RFT), 2012 WL 651919, at *8 (N.D.N.Y. Feb. 28, 2012) ("Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief.").

To the extent that McMaster seeks injunctive relief against correctional officers Bilow and Beane, who are not defendants in the present action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed.R.Civ.P. 65(d)(2); *Doctor's Associates, Inc*. *v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Finally, insofar as McMaster seeks a transfer out of Upstate C.F., an inmate does not have the right to be confined to the facility of his choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

Accordingly, for the foregoing reasons, McMaster's motion for preliminary injunctive

relief (Dkt. No. 40) is denied.[2]

Therefore, it is

ORDERED that

1. Plaintiff's motion for preliminary injunctive relief (Dkt. No. 40) is **DENIED**;

2. The Clerk of the Court shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

                                                                          _____
                                                                          United States District Judge

Dated: April 5, 2016
          Utica, New York.

---

[2] Plaintiff expresses concern that the alleged interference with his mail and access to the law library or legal copies will cause him to miss deadlines or make it difficult to pursue discovery. Dkt. No. 40 at 1. Defendants have filed a motion to dismiss, Dkt. No. 27, to which plaintiff has responded in opposition, Dkt. No. 33. Plaintiff is advised that there are no current deadlines pending, and discovery may not proceed unless and until this case survives the pending motion to dismiss.