**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

KENNETH McMASTER,

                Plaintiff,

        v.                                    No. 15-CV-578 (DNH/CFH)

L.W. LaBARGE; et al.,

                Defendants.
_____

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                        **OF COUNSEL:**

KENNETH McMASTER
Plaintiff Pro Se
08-B-1832
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN      RACHEL MAMAN KISH, ESQ.
Attorney General for the               Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Kenneth McMaster ("Plaintiff"), an inmate who was, at all relevant times, in the custody of the New York Department of Corrections and Community Supervision ("DOCCS") at Upstate Correctional Facility ("Upstate CF"), brings this action

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pursuant to 42 U.S.C. § 1983 alleging that defendants Lawrence LaBarge, Scott LaMare, E. Smith, and Kenneth Ellsworth, in the presence of defendants John Tatro, Michael Tompkins, and C. Rowe (collectively, "Defendants"), violated his constitutional rights under the First and Eighth Amendments. See Dkt. No. 1 ("Compl.").

Presently pending is defendants' motion to dismiss. Dkt. No. 27. Plaintiff opposed the motion. Dkt. No. 33. Defendants filed a reply. Dkt. No. 35. For the following reasons, it is recommended that defendants' motion to dismiss be denied.

## I. Background

The facts are reviewed in the light most favorable to plaintiff as the non-moving party. See subsection II.A infra. At all relevant times, plaintiff was an inmate incarcerated at Upstate CF.

On November 15, 2014, while plaintiff was in the infirmary at Upstate C.F., defendants LaBarge, LaMare, Ellsworth, Smith, and several other officers, assaulted and raped him without provocation. Compl. at 7. Plaintiff claims that such actions were in retaliation for previous complaints and grievances filed by him against defendant LaBarge, and non-party nurses Travers and White,[2] during his previous period of incarceration at Upstate CF. Id. During the assault, Tatro, Tompkins, and Rowe "stood there and watched." Id. Because of the assault, plaintiff suffered "severe physical and mental pain and injuries." Id.

---

[2] Travers and White were named as defendants in plaintiff's complaint, however, all claims against them were dismissed by District Judge David N. Hurd following initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 5 at 16.

On November 16, 2014, while plaintiff was still in the infirmary, Correction Officers LaMare and Smith physically assaulted him again. Compl. at 8. Plaintiff "spoke to" defendant Rowe, and Nurses Brue and Holcombe[3] about the November 15 and 16 assaults. Id.

Beginning on November 17, 2014, and lasting until the end of March 2015, plaintiff claims that he complained to multiple Upstate C.F. employees regarding the assault and rape incidents, including Brandi L. Collyer and Scott W. Woodward, both of whom are grievance supervisors. Compl. at 8. He also claims that he filed grievances and complaints regarding the incidents. Id. Plaintiff states that, as a result of the assaults, he had a bone sticking out of his left foot, and had burns and scars on his body. Id.

Defendants claim that plaintiff filed a grievance regarding the November 15, 2014 incident, but failed to appeal the determination from that grievance. Dkt. No. 27-1 at 4. Defendants also claim that plaintiff failed to file a grievance in regard to the November 16, 2014 incident. Id.

## II. Discussion[4]

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual

---

[3] Brue and Holcombe were dismissed from this action after District Judge Hurd's initial review of the complaint. Dkt. No. 5 at 16.

[4] All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 326, 335 (2d Cir. 2009)) (internal quotation marks omitted). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (internal citations omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude,"…that a pro se litigant's submissions must be construed "liberally," . . . and that such submissions must be read to raise the strongest arguments that they "suggest" . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims

> that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest"… that we should not "excuse frivolous or vexatious filings by pro se litigants"… and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. Exhaustion

Defendants contend that their motion to dismiss must be granted because plaintiff failed to exhaust administrative remedies. Dkt. No. 27-1 at 6. Specifically, defendants contend that plaintiff initiated the grievance process as to the November 15, 2014 incident by filing a grievance, but failed to appeal the denial of that grievance. Id. at 4. As to the November 16, 2014 incident, defendants contend that plaintiff failed to file a grievance. Id.

Under the PLRA, an inmate must exhaust all administrative remedies before bringing an action for claims arising out of his or her incarceration. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 82 (2006). To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted). The exhaustion requirement applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

Although the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). Thus, a court must conduct an inquiry to determine whether an inmate's failure to follow the applicable grievance procedures is fatal to his or her claims. A court must consider whether: "(1) administrative remedies are not available to the prisoner; [or] (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense[.]"[5] Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

Administrative remedies are unavailable when there is no "possibility of . . . relief for the action complained of." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (citing Booth v. Churner, 532 U.S. 731, 738 (2001)). The test to determine the availability of an administrative remedy is an objective one: whether "a similarly situated individual of ordinary firmness" would have deemed it available. Hemphill, 380 F.3d at 688 (citation omitted). Unavailability may be found in circumstances "where plaintiff is unaware of the grievance procedures or did not understand it . . . or where defendants' behavior prevents plaintiff from seeking administrative remedies." Hargrove v. Riley, No. 04-CV-4587 (DST), 2007 WL 389003, at *8 (E.D.N.Y. Jan. 31, 2007) (internal citations omitted). Further, "where a prisoner has made a 'reasonable attempt' to file a grievance, and prison officials have prevented the prisoner from filing that grievance, the grievance procedures are not

---

[5] The Supreme Court recently held that "[c]ourts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." Ross v. Blake, 136 S. Ct. 1850, 1862 (2016). As such, the special circumstances exception previously promulgated by the Second Circuit in Giano v. Goord, 380 F.3d 670 (2d Cir. 2004), is not consistent with the statutory requirements of the PLRA. See id. at 1858.

'available' to the defendant, and thus, the [PLRA] does not preclude the prisoner from suing in federal court." Thomas v. New York State Dep't of Corr. Servs., No. 00-CV-7163 (NRB), 2002 WL 31164546, at *3 (S.D.N.Y. Sept. 30, 2002) (citations omitted).

Here, there is no dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5 (2014). First, the inmate is required to file a complaint with an inmate grievance program clerk ("IGP") within twenty-one days of the alleged action. Id. at § 701.5(a)(1). An IGP representative has sixteen calendar days to informally resolve the issue. Id. at § 701.5(b)(1). If no informal resolution occurs, the full IGP committee must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after conclusion of the hearing. Id. §§ 701.5(b)(2)(i), (ii). If unfavorable, a grievant may appeal the IGP committee's determination to the facility superintendent within seven calendar days of receipt of the determination. Id. § 701.5(c)(1). If the superintendent's determination is unfavorable, the grievant may take the third step of the grievance procedure by appealing to the central office review committee ("CORC") within seven days after receipt of the unfavorable superintendent's determination. Id. §§ 701.5(d)(i),(ii). CORC must issue a written decision within thirty days of receipt of the grievant's appeal. Id. § 701.5(d)(2)(ii).

Defendants appear to rely on the fact that plaintiff checked the "no" box on the form civil rights complaint he submitted in response to the question: "did you present the facts relating to your compliant [sic] in [the] grievance program?" as dispositive to the issue of whether plaintiff exhausted the administrative remedies available to him See Dkt. No. 27-1 at 4; Compl. at 4. However, the Second Circuit has warned against relying on a pro se plaintiff's checkmarks on a form complaint to establish a "legally sufficient" source

establishing that the plaintiff failed to exhaust administrative remedies. Mojias v. Johnson, 351 F.3d 606, 609 (2d Cir. 2003) (finding that a pro se plaintiff's answers on a form complaint were insufficient to establish the availability of administrative remedies). Moreover, because the failure to exhaust administrative remedies is an affirmative defense, defendants bear the burden of conclusively establishing plaintiff's failure to exhaust. Walker v. Vargas, No. 11 Civ. 9034(ER), 2013 WL 4792765, at *6 (S.D.N.Y. Aug. 26, 2013). Generally, courts "hesitate to dispose of the exhaustion defense on a motion to dismiss, and ordinarily will dismiss a complaint at that stage only if it is patently clear from the face of plaintiff's complaint that exhaustion has not occurred and there is no basis to excuse the PLRA exhaustion requirement." Bailey v. Fortier, No. 9:09-CV-0742 (GLS/DEP), 2010 WL 4005258, at *6 (N.D.N.Y. Aug. 30, 2010) (citing Torrence v. Pesanti, 239 F. Supp. 2d 230, 231-32 (D. Conn. 2003)).

Here, defendants have failed to carry their burden of establishing plaintiff's failure to exhaust. Although plaintiff checked the "no" box in response to the question inquiring whether he had presented the facts of the complaint to the grievance program, defendants concede in their brief that plaintiff filed a grievance regarding the November 15, 2014 incident. See Compl. at 4; Dkt. No. 27-1 at 4. This admission alone casts doubt on defendants' reliance on plaintiff's answer to that inquiry. Further, plaintiff claims in his opposition papers that he exhausted administrative remedies "to the best of his ability to do so." Dkt. No. 33 at 5. He claims that he wrote to the "Upstate Grievance Program Supervisors" multiple times and "tried" to write to them on December 10, 2014 regarding the November 15 and 16 assaults. Id. Construing these claims liberally, the Court finds that asserts a claim that administrative remedies were unavailable to him.

Further, plaintiff asserts that his sexual assault claim falls within the ambit of a recent revision to DOCCS Directive 4040 concerning sexual abuse and sexual harassment claims. See Dkt. No. 33 at 5. Although the revision is not yet codified in the New York Code, Rules and Regulations, (see N.Y. COMP. CODES R. & REGS. tit. 7, § 701, et seq.), and neither plaintiff nor defendants have provided the Court with an official copy of the revision, at least one court in the Second Circuit has determined that the revision went into effect on May 15, 2014. See Henderson v. Annucci, No. 14-CV-445A, 2016 WL 3039687, at *6 (W.D.N.Y. Mar. 14, 2016). According to Directive 4040, an allegation of sexual abuse may be deemed exhausted for purposes of the PLRA if official documentation confirms that the inmate reported the incident to (1) Central Office staff; (2) any outside agency that DOCCS has identified as having agreed to receive inmate reports of sexual abuse; or (3) the DOCCS's Office of the Inspector General. Id. at *4. Plaintiff alleges in his complaint that he was raped by certain defendants on November 15, 2014, approximately six months after these revisions to Directive 4040 went into effect, thereby establishing that the revision would apply to his claims inasmuch as he claims that he was sexually abused. Compl. at 7. Plaintiff also claims that he wrote to C.O.R.C. regarding the rape incident. Dkt. No. 33 at 5. As defendants have failed to address plaintiff's allegation that he was excused from exhausting, the Court cannot determine from the face of his complaint that he failed to exhaust administrative remedies.

Because plaintiff appears to claim that he attempted to utilize the grievance process, but may have been prevented from doing so, his complaint cannot be dismissed at this stage. See Patterson v. City of New York, No. 11 Civ. 7976(DLC), 2012 WL 3264354, at *3 (S.D.N.Y. Aug. 9, 2012) (denying motion to dismiss for failure to exhaust administrative

remedies where it was not clear from the complaint whether the plaintiff had exhausted the grievance process, or had a reason for his failure to exhaust). The Court finds that dismissal would be inappropriate at this juncture, as the undersigned finds that plaintiff's failure to exhaust cannot be conclusively established on the face of his complaint. Plaintiff's response attempts to explain the steps he took to complain about the incidents, but the Court cannot determine from those allegations alone whether plaintiff is arguing that he did exhaust administrative remedies, or that administrative remedies were unavailable to him. See Dkt. No. 33 at 5. The Court expresses no opinion as to whether plaintiff's claims could withstand a properly filed motion for summary judgment based on failure to exhaust administrative remedies.[6]

Accordingly, it is recommended that defendants' motion on this ground be denied.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for dismissal (Dkt. No. 27) of plaintiff's complaint (Dkt. No. 1) be **DENIED**; and it is further

---

[6] Where a prisoner plaintiff's failure to exhaust administrative remedies is not clear from the face of the complaint, a motion to dismiss should be converted to a motion for summary judgment, "limited to the narrow issue of exhaustion and the relatively straightforward questions about plaintiff's efforts to exhaust, [and] whether remedies were available[.]" Smalls v. Jummonte, No. 08 Civ. 4367(DAB), 2010 WL 3291587, at *3 (S.D.N.Y. Aug. 13, 2010) (quoting McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)). However, in this case, defendants have not provided the Court with any evidence outside the pleadings to establish plaintiff's nonexhaustion, nor have they provided plaintiff with notice that the Court may convert their motion to dismiss to a motion for summary judgment pursuant to Local Rules. See id. Despite the fact that plaintiff submitted multiple letters demonstrating his exhaustion efforts as exhibits to his opposition memorandum of law, see Dkt. No. 33 at 11-21, the Court finds that converting defendants' motion to dismiss to a motion for summary judgment would be inappropriate here. See Rodriguez v. Warden, Metro. Corr. Facility, No. 13 Civ. 3643(PAC)(SN), 2015 WL 857817, at *10 (S.D.N.Y. Feb. 27, 2015) (finding that conversion to a motion for summary judgment would not be judicially efficient where no discovery had yet taken place and the plaintiff had not received notice of the Court's ability to convert the motion to dismiss to a motion for summary judgment).

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action, pursuant to local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated:     June 30, 2016
               Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge