UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Kenneth McMaster (08-B-1832), *Plaintiff*, -against- L.W. Labarge, S. D. Lamare, *Defendants*. | STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A) <br><br> 15-CV-0578 <br><br> DNH |

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff Kenneth McMaster (DIN#: 08-B-1832) and defendants C.S. Rowe, J.G. Tatro, M.C. Tompkins, K. Ellsworth, L.W. LaBarge and S.D. Lamare (collectively hereafter "defendants"), parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff discontinues this action with prejudice, under the conditions described in Paragraph 5 of this agreement, as against defendants, and discharges and releases defendants and the State of New

York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, which relates to an incident on November 15, 2014, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity or invalidity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by, any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by, the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation, and it being ordered by the Court, defendants shall pay to plaintiff the sum of Seventy Five Thousand Dollars ($75,000.00) in full settlement of any and all claims. The above amount shall constitute all sums to which Plaintiff is

entitled, including but not limited to damages, costs, and attorney's fees. One check in the amount of Fifty Thousand Dollars ($50,000.00), payable to the plaintiff, as resolution of his claims, will be mailed to Sing Sing Correctional Facility for deposit in plaintiff's inmate account, or, in the event plaintiff is transferred prior to the issuance of the check, to the correctional facility in which he is incarcerated at the time the check is mailed. Another check in the amount of Twenty-Five Thousand Dollars ($25,000.00) in attorney's fees, payable to AJ Bosman, Esq., will be mailed to Bosman Law Firm, LLC, 3000 McConnellsville Road, Blossvale, New York 13308.

6. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon plaintiff's signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the administrative processing of the settlement paperwork.

7. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after (1) the approval of this stipulation by the Court, (2) receipt by defendants' counsel of a copy of the so-ordered stipulation, and (3) the plaintiff's return of the executed "Standard Voucher" set forth in paragraph 5 above, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding

principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff.

9. This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and these actions shall then be placed back on the active docket without prejudice.

10. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

11. The foregoing constitutes the entire agreement of the parties.

Dated: Utica, New York
July __, 2019

_MR. Ken McMaster_
Kenneth McMaster

Dated: Utica, New York
July __, 2019

_A.J. Bosman_
Attorney for Plaintiff
Bosman Law Firm, LLC,
3000 McConnellsville Road
Blossvale, New York 13308

Dated: Utica, New York
July 15, 2019

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By: /s/ Brian W. Matula
Brian W. Matula
Assistant Attorney General, of Counsel
Bar Roll No. 511717
Telephone: (518) 776-2599

IT IS SO ORDERED:

_____
David N. Hurd
United States District Judge

Dated:     July 15, 2019
         Utica, NY

5